IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA<br><br>   v.<br><br>INDIAN HARBOR INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 16-1464 |

**MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS**

**Baylson, J.**                                                                                                                 **June 23, 2016**

### I.     Introduction

In this diversity suit, Defendant Indian Harbor Insurance Company has filed a Motion to Dismiss (ECF No. 8) pursuant to Federal Rule of Civil Procedure 12(b)(6).  The main thrust of Plaintiff Selective Insurance Company of America's complaint is that Defendant, rather than Plaintiff, is obligated to defend and indemnify construction company E.K. Services, Inc. ("EKS") in a personal injury action brought by Shirley Husler ("Husler") that is currently pending in the Montgomery County Court of Common Pleas (the "Montgomery County action"). For the reasons that follow, Defendant's Motion shall be denied.

### II.    Factual Allegations

#### A.  Parties to the Montgomery County Action

The Montgomery County action relates to an injury allegedly suffered at a construction site in Lemoyne, Pennsylvania.  EKS was the general contractor performing excavation and digging on site, and Jan's Flagging, Inc. ("Jan's") was an EKS subcontractor hired to provide flagging and traffic signaling services.  Husler was a Jan's employee.

1

Plaintiff insures EKS while Defendant insures Jan's.  Pursuant to EKS's subcontracting agreement with Jan's, Jan's agreed to take on EKS as an "additional insured" to Defendant's insurance policy.

Jan's insurance policy with Defendant provides an endorsement entitled "Additional Insured – Owners, Lessees, or Contractors – Automatic Status When Required In Construction Agreement With You."  This endorsement provision provides:

> **A. Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy.  Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or on part, by:
> **1.** Your acts or omissions; or
> **2.** The acts or omissions of those acting on your behalf;
> in performance of your ongoing operations for the additional insured.

The language of the policy requires Defendant to insure EKS only to the extent that EKS is sued for injuries "caused, in whole or in part," by Jan's acts or omissions.

### B.  Allegations In the Montgomery County Action

Husler, the plaintiff in the Montgomery County action, has sued EKS and others for injuries she claims she suffered while working on site.  *Husler v. Pa. Am. Water Co., et. al.*, Ct. of Common Pleas of Montgomery Cty., Pa., No. 14-17729 (ECF 1 Compl. Ex. A).  She has not sued Jan's; Jan's is immune from suit by her pursuant to Pennsylvania's Workers' Compensation Act.  77 Pa. Stat. and Cons. Stat. Ann. § 481 (West 2016).

Husler alleges that she arrived at 8:30 a.m. one morning for a twenty-four hour shift as a flagger.  She claims that she ate lunch while standing and flagging and that she worked in the sun

all day without shade and with only a single brief break to use the bathroom. At 4:30 p.m., she was moved to another job site where she again allegedly worked consecutively until a second bathroom break at approximately 11:00 p.m. At some unspecified time, Husler claims she passed out after complaining to an EKS employee that she did not feel well. The EKS employee allegedly placed Husler in her vehicle instead of calling for medical assistance. Construction personnel discovered her the following morning and only then called an ambulance, by which time Husler had sustained injuries including a stroke.

Although EKS is the defendant in the Montgomery County action, Husler's complaint implicates Jan's in several instances. For example, Husler claims that EKS acted "by and through [its] agents, servants, employees, <u>subcontractors</u>, and/or workmen and [is] hereby responsible for the actions and inactions of same" (para 18). Husler further alleges that EKS, "by and through [its] agents, servants, workers, contractors and/or employees breached [its] duty and [was] negligent" by (among other things) "[f]ailing to hire competent . . . subcontractors" and "[f]ailing to properly supervise the work" (para 25). Husler further claims that EKS was "responsible for inspecting, supervising and monitoring the work as well as the safety of those persons lawfully engaged in construction work on the premises" (para. 9).

### III. Analysis

#### A. Standards of Review

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." <u>Warren Gen. Hosp. v. Amgen, Inc.</u>, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

To determine under Pennsylvania law whether Defendant, as EKS's insurer via EKS being listed as "additional insured" under Defendant's policy with Jan's, has an obligation to defend EKS, "a court views the allegations [in the Montgomery County action] as true and liberally construes them in favor of the insured . . . . [A]n insurer has a duty to defend if there is any possibility that its coverage has been triggered by allegations in the underlying complaint." Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 673-74 (3d Cir. 2016) (citations and alterations omitted). "Pennsylvania adheres to the 'four corners' rule (also known as the 'eight corners' rule), under which an insurer's potential duty to defend is determined solely by the allegations of the complaint in the underlying action." Id. at 673 (emphasis in original) (citations and alteration omitted). Any ambiguities in the policy are to be construed in favor of EKS as the insured (and by extension, Plaintiff as the party seeking to have Defendant defend EKS). Id. at 674.

### B. Parties' Contentions

Because Defendant concedes for purposes of this Motion that EKS can seek coverage as an "additional insured" of Jan's under Defendant's policy, ECF 8 at 8, the critical issue is whether the policy applies based on Husler's allegations in the Montgomery County action. Because Defendant's policy states that Defendant must insure EKS (as an additional insured of Jan's) for bodily injury caused in whole or in part by Jan's "acts or omissions," the question is whether Husler has alleged that Jan's caused the harm she suffered.

Defendant maintains that it has no obligation to defend EKS as an additional insured because Husler has not alleged in the Montgomery County action that Jan's acts or omissions caused her purported injuries.

Plaintiff argues that Husler alleges that Jan's was the proximate cause of Husler's injuries. Plaintiff also notes that because Jan's is immune from suit by Husler due to the Workers' Compensation Act, it is unsurprising that the Complaint does not go into more detail regarding Jan's negligence.

### C. Ramara v. Westfield Insurance Company, 814 F.3d 660 (3d Cir. 2016), Compels Denial of Defendant's Motion

In February 2016, the Third Circuit issued a holding on facts remarkably similar to those of this case. Ramara compels denial of Defendant's Motion for two reasons, each discussed below.

#### a. Overview of Ramara

In Ramara, the Third Circuit held that defendant Westfield Insurance Group had an obligation to defend parking garage owner/plaintiff Ramara as an "additional insured" in a tort action arising from an injury on a construction site. Ramara hired Sentry as a general contractor to perform work at the garage, and Sentry in turn hired Fortress as subcontractor.

Pursuant to the contractual arrangements, Fortress added Ramara as an additional insured on Fortress's liability policy with Westfield. The Fortress-Westfield policy contained "additional insured" language identical to that present in the contract between Jan's and Defendant in this case. Accordingly, Ramara was only insured on the Westfield policy for injuries "caused, in whole or in part by, [Fortress's] acts or omissions."

During the course of the parking garage project, a Fortress employee named Anthony Axe was injured and sued Ramara and Sentry. Axe did not sue Fortress, however, because Fortress was immune from suit under the Pennsylvania Workers' Compensation Act (just as Jan's is immune from suit by Husler in the Montgomery County action).

### b. Plaintiff's Complaint sufficiently pleads that Husler faults Jan's for her injuries, meaning it is plausible that Defendant must defend EKS as additional insured

In Ramara, insurer Westfield argued that the underlying litigation against Ramara did not allege that subcontractor Fortress was the cause of Axe's injuries, meaning Westfield's obligation to insure Ramara was not triggered. The Third Circuit rejected Westfield's argument. Fortress's employee Axe, like Husler, alleged that his "injury was caused by the acts or omission of Ramara's 'agents,' 'contractors,' or 'subcontractors'—of which Fortress was one—[thus] rais[ing] at least the potential that Fortress's conduct was a proximate cause of his injuries." Ramara, 814 F.3d at 675 (citations omitted). Moreover, Axe alleged (as does Husler) that Ramara was "negligent by failing to . . . hire competent contractors and subcontractors [and] supervise the construction work." Id. at 676. The Third Circuit held that the Fortress employee "made factual allegations that potentially would support a conclusion that [his] injuries were 'caused, in whole or in part' by Fortress's acts or omissions." Id. at 676.

The allegations in this case mirror those in Ramara. Here, plaintiff Husler in the Montgomery County action alleges that EKS is liable to her for failing to hire competent subcontractors (of which Jan's is one) and for failing to properly supervise work. As another court recently held, "allegations that a general contractor negligently supervised the subcontractor's employees necessarily imply that the subcontractor's employees caused the injury" for purposes of triggering additional insured coverage. Old Republic Gen. Ins. Corp. v. Scottsdale Ins. Co., Civil Action No. 15-31, 2016 WL 1237349, at *2 (W.D. Pa. Mar. 30, 2016). The general tenor of Plaintiff's complaint highlighting how Jan's made her work all day in the sun with only two bathroom breaks similarly implicates Jan's as a causal factor in Plaintiff's injuries.

Therefore, Plaintiff's complaint plausibly pleads that Defendant has a duty to insure EKS as an additional insured on the Jan's insurance policy.

### c. Based on <u>Ramara</u>, the Court can infer that more detail regarding Jan's would have been pled in the Montgomery County action in the absence of the Workers' Compensation Act

<u>Ramara</u> also held that "where the Workers' Compensation Act is relevant to a coverage determination, insurers (and the courts that review their determinations) must interpret the allegations of an underlying complaint recognizing that the plaintiff's attorney in the underlying action drafted the complaint taking the existence of the Act into account." <u>Ramara</u>, 814 F.3d at 679. <u>Ramara</u> specifically held that taking the Act into account in interpreting coverage does not violate Pennsylvania's "four corners" rule.

<u>Ramara</u>'s rule of construction additionally supports denying Defendant's Motion. Just as in <u>Ramara</u>, where the Third Circuit held that "the practical effect of [the Act's] grant of tort immunity to employers was that Axe's attorney in drawing the complaint neither would explicitly name Fortress nor feature it prominently in the complaint's allegations," <u>id</u>. at 680, so too here does the Act help explain why Husler would not have focused on Jan's in framing her underlying complaint. Husler would not have given much attention to Jan's because the Act precludes her from suing her former employer.

### IV. Conclusion

The Third Circuit's holding in <u>Ramara</u> squarely controls the outcome of this case. In light of the allegations of negligent supervision and hiring in Husler's Montgomery County action, and in light of the fact that the Workers' Compensation Act prevents Husler from recovering from Jan's, the Court is satisfied that the Montgomery County action gives rise to a possibility that Husler claims Jan's caused her injuries. Because Defendant, as additional insurer

of EKS, must defend EKS in any action in which Jan's actions are alleged to be the whole or partial cause of bodily injury, Defendant's Motion to Dismiss shall be denied.

An appropriate Order follows.

O:\CIVIL 16\16-cv-1464 Selective Insurance v. Indian Harbor Insurance\16-cv-1464 opinion re MTD.docx